

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  (973) 645-2884
*Newark, New Jersey 07102*

October 26, 2017

Chester Keller, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

      Re:  Plea Agreement with Pedro Nunez
            Criminal No. 18-97

Dear Mr. Keller:

      This letter sets forth the plea agreement between your client, Pedro Nunez, and the Acting United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire if a signed copy of this plea agreement is not received by this Office <u>on or before November 19, 2017.</u>

Charges

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Pedro Nunez to an Information that charges that on February 25, 2015, Pedro Nunez distributed, and to possessed with intent to distribute, a quantity of heroin, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(C). If Pedro Nunez enters a guilty plea and is sentenced on this charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Pedro Nunez for his possession and distribution of heroin from on or about January 9, 2015 through on or about February 25, 2015. This agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to Title 18, United States Code Sections 1961 et seq. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Pedro Nunez agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Pedro Nunez may be commenced against him,

notwithstanding the expiration of the limitations period after Pedro Nunez signs the agreement.

Sentencing

The violations of 21 U.S.C. §§ 841(a) and (b)(1)(C) to which Pedro Nunez agrees to plead guilty each carry a statutory maximum prison sentence of twenty (20) years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to Pedro Nunez. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentences for each count may run consecutively.

The sentence to be imposed upon Pedro Nunez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Pedro Nunez ultimately will receive.

Further, in addition to imposing any other penalty on Pedro Nunez, the sentencing judge: (1) will order Pedro Nunez to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Pedro Nunez to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853; (4) may deny Pedro Nunez certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841(b)(1)(C), must require Pedro Nunez to serve a term of supervised release of at least three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Pedro Nunez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Pedro Nunez may be sentenced to not more than two (2) years' imprisonment, in addition to any prison terms previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Pedro Nunez by the sentencing judge, to correct any misstatements relating

- 2 -

to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Pedro Nunez's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Pedro Nunez agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Pedro Nunez from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Pedro Nunez waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Pedro Nunez understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Pedro Nunez understands that the immigration consequences of this plea will be

- 3 -

imposed in a separate proceeding before the immigration authorities. Pedro Nunez wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Pedro Nunez understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Pedro Nunez waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Pedro Nunez. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Pedro Nunez.

No provision of this agreement shall preclude Pedro Nunez from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Pedro Nunez received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Pedro Nunez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

WILLIAM E. FITZPATRICK
Acting United States Attorney

By: *[signature]*
JONATHAN W. ROMANKOW
Assistant United States Attorney

APPROVED:

*[signature]*
MARY E. TOSCANO
Chief, Organized Crime/Gangs

I have received this letter from my attorney, Chester Keller, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 2/15/18
PEDRO NUÑEZ


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

X _____   Date: 2/15/18
CHESTER KELLER, ESQ.

## Plea Agreement With Pedro Nunez

### Schedule A

1. This Office and Pedro Nunez agree to stipulate to the following facts:

    a. On or about February 25, 2015, Pedro Nunez knowingly and intentionally distributed, and possessed with the intent to distribute, approximately 36 grams of heroin.

    b. On or about January 25, 2002, Pedro Nunez was convicted in Essex County Superior Court in New Jersey of possession of a controlled dangerous substance with intent to distribute within 500 feet of public housing, in violation of N.J.S.A. 2C:35-7.1 (Indictment No. 00-10-2775-I).

    c. On or about January 25, 2002, Pedro Nunez was convicted in Essex County Superior Court in New Jersey of possession of a controlled dangerous substance with intent to distribute within 1,000 feet of a school, in violation of N.J.S.A. 2C:35-7 (Indictment No. 01-04-1803-I).

2. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

3. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.